The Judges pronounced their opinions.
JUDGE TUCKER.
This appeal is from a judgment on a replevin bond taken to replevy goods distrained for rent.
The condition of the bond recites, that the appellees (not saying by a Sheriff or other officer) had distrained the goods, &c. of the appellant, A. S. for rent in arrear, which had been restored to him in consequence of entering into that bond. There is the name of a witness to the bond, who does not designate himself as an officer; nor is there in the record any thing to shew that the distress was in fact levied by an officer.. The County Court gave judgment by the obligees, on motion: that judgment was affirmed by the District Court.
The right of distraining for rent arrear is a common law right, which every landlord may exercise in person, or by his bailiff; that is, by an agent, authorized for that purpose, who might seize any goods or chattels of the tenant found upon the premises. But the distress so taken was, by the common law, only in nature of a security for the rent, and could not be sold to make satisfaction. This proving a great inconvenience to landlords, statutory remedies have been provided, both in England and in this country; w'hich are nearly the same. Our law declares, that “where auv goods or chattels are distrained for rent, if the tenant shall not, within ten days,, replevy the same, by sufficient security given to the Sheriff or officer serving such distress, to pay the money, &c. such Sheriff or officer shall and may sell the goods,” &c..
In the case of Ferguson v. Moore, (c) Judge Eyons, in delivering the opinion of the Court, said, “It is true that at common law a distress might be levied by any private person, authorized by the landlord for that purpose; but it is equally true, that such person, so appointed, had no right to sell the property distrained, or to take a replevy bond.” The power of selling is given by statute, and can only be done by an officer; that is, one duly qualified as such. Now, here, it does not appear that this distress was served, or the bond taken, by1 an officer. We must, therefore, understand it (as the bond seems to import) to 599 have been levied *by the landlord himself, or his private agent. To entitle him to the benefit of a statutory proceeding *238 by motion, instead of an action of debt, the plaintiff ought to have shewn that he had proceeded regularly according to the directions of the statute. That not being the case, the judgment is erroneous, and ought to be reversed.
The acceptance of a bond for rent (unless taken as the act directs) does not extinguish the rent; for that is higher than the bond; and, where the tenant gave a note for the rent, and the landlord afterwards distrained for the rent, upon trespass brought by the tenant, it was held that the landlord might nevertheless distrain. Our act of 1748, c. 10, (a) declared, that bonds taken pursuant thereto should have the force of judgments; which shews the grea't difference the law intended to make between a bond taken by a private person, and one taken by an officer pursuant to the statute.(b)
JUDGE ROANE.
It ought to appear in the bond, in order to justify this summary remedy by motion, that it was taken by a Sheriff, or officer making the distress, in whom confidence is reposed by the act, touching the amount of the money, or tobacco, and the costs due, for which the bond is to be taken, as well as respecting the sufficiency of the surety to the bond. Where it does not appear to have been the act of the officer, the party himself may have exacted bond for more than was due, or been otherwise guilty of duress or extortion : in which case he ought not to have the high privilege of getting judgment in a summary way, and the further privilege that on the execution of his judgment, “no security is to be taken.” I will hold the party to a strict, if not literal, compliance of the law, (and that as appearing to this Court,) before I extend to him the privilege of the summary remedy.
The case of Ferguson v. Moore(c) is supposed to be an authority, that a bond taken under the act in order to warrant a judgment by motion, ought to be taken by an officer.
My opinion, therefore, is, that the judgment be reversed.
JUDGE EEEMING was of the same opinion.
*By the whole Court, the judgments of the District Court and County Court both reversed, and the motions overruled with costs.

 2 Wash. 57, 58.

 Edit, of 1769, p. 202.

 See Bull. N. P. 182.

 2 Wash. 54.